UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEFAN JEREMIAH,

                         Plaintiff,

    - against -

CBS BROADCASTING INC.

                         Defendant.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Stefan Jeremiah ("Jeremiah" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant CBS Broadcasting Inc. ("CBS" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Queens mailman, Daniel Darby, leaving Brooklyn Federal Court owned and registered by Jeremiah, a New York City based photojournalist. Accordingly, Jeremiah seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Jeremiah is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 231 Norman Avenue, #211, Brooklyn, NY 11222. Jeremiah's photos have appeared in The New York Times, New York Post, New York Daily News, The Guardian, the Daily Mirror, and many other publications around the United States. Jeremiah is the founding member of Bear Witness Pictures which is an international source for documentary video and and photojournalism.

6.      Upon information and belief, CBS is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 51 West 52nd Street, New York, New York 10019. At all times material hereto, CBS has produced and continues to produce the morning television program, *CBS This Morning*, that is broadcasted on two-hundred and thirty-eight CBS affiliates around the United States and outside the United States.

## STATEMENT OF FACTS

### A.     Background and Plaintiff's Ownership of the Photograph

7.      Daniel Darby, a postman in Queens, New York, was overcome by the amount of holiday cards and gifts he was to deliver in December 2015 that he stuffed the holiday mail he was supposed to deliver into the garbage. He even ripped open some of the mail to see what it contained. Darby was arrested for unlawfully delaying and destroying the mail. The incident was not only heavily covered by the press in New York City, but it also gained national attention.

8. On December 29, 2015, Jeremiah photographed Darby leaving the United States District Court for the Eastern District of New York in Brooklyn, New York. A true and correct copy of said photograph (the "Photograph") is attached hereto as Exhibit A (*Mailman*).

9. Jeremiah then licensed the Photograph to the New York Post. On December 29, 2015, the New York Post ran an article that featured the Photograph in its web edition entitled *'Overwhelmed' Mailman Accused of Throwing Away Christmas Gifts*. See (http://nypost.com/2015/12/29/overwhelmed-mailman-tosses-hundreds-of-holiday-presents-in-trash/) (last visited May 10, 2016). Jeremiah's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached hereto as Exhibit B.

10. Jeremiah is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyrights thereto.

11. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-987-316, effective February 1, 2016. A true and correct copy of the Certificate of Registration of the Photograph is attached hereto as Exhibit C (VA 1-987-316).

B. **Defendant's Infringing Activities**

12. Upon information and belief, on or about December 30, 2015, during its live national broadcast of *CBS This Morning*, CBS publically displayed a copy of the Photograph. Upon information and belief, CBS produced the telecast. CBS did not license the Photograph from Plaintiff for use during the telecast nor did it have Plaintiff's permission or consent to display the Photograph during its telecast. Upon information and belief, CBS removed Jeremiah's gutter credit, instead attributing the Photograph to the New York Post.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST CBS)
## (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. CBS infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph during their national telecast of *CBS This Morning* on or about December 30, 2015. CBS is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by CBS have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST CBS
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. When the Photograph was published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

23. On its national telecast of *CBS This Morning*, CBS intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photograph.

24. The conduct of CBS violates 17 U.S.C. § 1202(b).

25. CBS's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. The falsification, alteration and/or removal of said copyright management information was made by CBS intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. CBS also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

27. As a result of the wrongful conduct of CBS as alleged herein, Plaintiff is entitled to recover from CBS the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by CBS because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28.  Alternatively, Plaintiff may elect to recover from CBS statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That CBS be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That CBS be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That CBS be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 10, 2016

LIEBOWITZ LAW FIRM, PLLC
By: *Richard Liebowitz*
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Stefan Jeremiah*